**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GARY S. BLATT,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
AT-0752-13-7245-X-1

DATE: May 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Gary S. Blatt, Columbia, South Carolina, pro se.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On January 2, 2015, the administrative judge issued a compliance initial decision finding that the agency had not fully complied with the Board's August 19, 2014 Final Order, and the matter was referred to the Board for consideration.  MSPB Docket No. AT-0752-13-7245-C-1, Compliance File, Tab 5, Compliance Initial Decision (CID).  *See* 5 C.F.R. § 1201.183.      The

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge found that the agency had not complied with the Board's final decision concerning paying the appellant the appropriate amount of back pay and benefits. *See* CID.

¶2 In response, the agency submitted a narrative statement dated January 20, 2015, stating that the agency had been in regular contact with the Defense Finance and Accounting Service (DFAS), which was processing the back pay request. MSPB Docket No. AT-0752-13-7245-X-1, Compliance Referral File (CRF), Tab 1. The agency stated that DFAS had determined that the appellant was overpaid by $17,210.49, as a result of a lump sum leave payment and retirement annuity received after his removal. *See id.* at 1. The agency stated that restoration of sick leave and annual leave owed to the appellant was underway, pending the input of timecards. *Id.*

¶3 The appellant responded to the agency's submission on January 23, 2015, arguing that the reimbursement of his health and life insurance premiums paid during the period following his removal were not taxable; that the agency had failed to include interest in its calculations; and that he should not be obligated to reimburse the agency for his lump sum annual leave payment. CRF, Tab 3. He further stated that he was under an economic hardship due to the state of South Carolina's requirement that he pay back unemployment benefits he received following his removal. *Id.* He requested that the Board re-examine its back pay order and hold the government responsible "for any and all additional disbursements." *Id.* at 2.

¶4 The appellant submitted an additional response on January 28, 2015, stating that he had been notified of an $11,758.51 overpayment, asserting that the agency's actions in removing him and subsequently assessing the overpayment caused hardship, and reiterating the arguments set forth in his previous letter. CRF, Tab 5.

¶5 The agency submitted a second narrative statement and additional evidence on February 2, 2015. CRF, Tab 4. The agency also submitted an explanation and

documentation of its back pay and interest calculations. *See id.* at 10-19. According to the agency's calculations, the appellant was due adjusted gross back pay in the amount of $45,208.37, and interest in the amount of $837.75. *See id.* at 4, 14-19. The agency stated that the interest would be paid to the appellant on the pay period ending on January 14, 2015. *See id.* at 4. The agency also stated that the appellant was due restored annual leave and sick leave, which would be placed in his account. *See id.* at 5. The agency further stated that the appellant was overpaid by $11,758.51 for his retirement annuity. *See id.* at 5-6. The agency notified the appellant of this debt by letter dated January 24, 2015. *See id.* at 23-32. The appellant also was overpaid by $8,997.98 due to a lump sum annual leave payment. *Id.* at 6. The agency noted that it had returned the annual leave that was the source of the lump sum payment to the appellant. *Id.* The agency stated that it had partially offset this debt using the appellant's back pay award, resulting in a remaining debt of $5,451.98, which the appellant would be notified of within the next 7-10 days. *Id.*

¶6     The appellant submitted a response on February 6, 2015, acknowledging that the accounting of back pay the agency provided was "almost meaningful and understandable," and that he had received the interest payment. CRF, Tab 6 at 1. He continued to argue that the agency should reimburse him for the life insurance and health insurance premiums he paid during his period of unemployment. *See id.* at 2.

¶7     The Board issued an order on March 13, 2015, directing the agency to respond to the appellant's claim that he was due to be reimbursed for health and life insurance premiums; to provide evidence showing that the appropriate amount of back pay, with interest, was paid to him; and to provide evidence that he had been restored sick leave and annual leave. CRF, Tab 7.

¶8     The agency submitted a statement and additional evidence on March 25, 2015, stating that it did not include health and life insurance premiums in the debt amount sought to be collected from the appellant. CRF, Tab 8 at 4. The agency

reported that it paid the back pay due to the appellant on October 30, 2014, and that it reinstated the annual leave and sick leave amounts in the appellant's pay period ending on October 18, 2014. *See id.* at 5-6.

¶9        The appellant responded on March 31, 2015, reiterating his argument that the agency should be required to reimburse him for the health insurance and life insurance premiums collected, and that he should not be required to reimburse the agency for annual leave paid. CRF, Tab 9.

¶10       We find that the agency has produced sufficient evidence to establish that it paid the appellant the appropriate amount of back pay and benefits.

¶11       In light of the agency's evidence of compliance, we find the agency in compliance and DISMISS the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.